# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-42

| | |
|---|---|
| BOBBY HEFNER, | ) |
|     **Plaintiff,** | ) |
| v. | )    **ORDER** |
| EARL ADAM HEFNER AND BETTY HEFNER, | ) |
|     **Defendants.** | ) |

Plaintiff's Complaint is *sua sponte* dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Federal Rule of Civil Procedure 12(h)(3) allows the Court to dismiss an action when the Court determines it lacks subject-matter jurisdiction. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Generally, a case can only be maintained in federal court if it presents a federal question under 28 U.S.C. § 1332 or falls within the Court's diversity jurisdiction under 28 U.S.C. § 1332. Nothing in the Complaint invokes diversity jurisdiction. Therefore, this Court will examine whether a federal question is presented by "viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6). *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Plaintiff has filed claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 122 against his parents.

In order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color of state law. *American Mfr. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999).

All parties reside at the same address. Plaintiff has alleged that Mr. Hefner is a manager at a laundromat and Ms. Hefner is a stay-at-home wife. (Doc.1, at 1-2). Plaintiff alleges that his parents were acting under the authority or color of state law because they are "always harassing [him] over money and pain of suffering." (Doc. 1, at 2). Plaintiff also alleges that the Defendants were acting under color of state law by "stopping me from working and saying they will take me to court and have me in jail." (Doc. 1, at 2). These allegations fall well short of acting under authority of state law.

Therefore, there is no allegation that the Defendants here have acted under color of state law. Both are private citizens and their conduct, as alleged, is purely private. "Purely private conduct . . . no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights." *Harrison v. Lee*, No. 2:14-CV-4544-RMG, 2015 WL 337634, at *2 (D.S.C. Jan. 26, 2015) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1983); *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 721, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)).

Plaintiff also asserts that jurisdiction proper under 42 U.S.C. §1985. The Court interprets this claim as falling within § 1985(2) and § 1985(3) because there is no allegation that Plaintiff is

an officer under § 1985(1). More particularly, the Complaint does not state a claim relevant to the clauses preceding the semicolon in § 1985(2) because there are no allegations that Plaintiff was a witness, juror, or party in a case before any court. Plaintiff's allegations do not fall within the clause after the semi-colon in § 1985(2) because they raise no allegations regarding "racial or other class-based, discriminatory animus." *Glass v. Anne Arundel Cnty.*, No. CIV. WDQ-12-1901, 2013 WL 1120549, at *8 (D. Md. Mar. 14, 2013) (quoting *Sellner v. Panagoulis*, 565 F. Supp. 238, 246 (D. Md. 1982)). Further, Plaintiff's Complaint does not raise allegations that fall within § 1985(3). The pertinent portion of § 1985(3) provides a cause of action "in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States." Section 1985(3) "requires the plaintiff to show that the conspiracy involves two or more people 'motivated by a specific class-based, invidiously discriminatory animus.'" *Glass*, 2013 WL 1120549, at *8 (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Plaintiff has not alleged any such animus. Accordingly, the Court does not have subject-matter jurisdiction under § 1985.

Plaintiff also claims that this Court has jurisdiction pursuant to 18 U.S.C. § 112. Section 112 is a criminal statute. The Court notes that "[t]he Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'" *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 200) (quoting *Cort v. Ash*, 442 U.S 66, 80 (1975)). However, the Court need not decide whether this statute enables a private right of action because Plaintiff's Complaint fails to allege that he is a foreign official, official guest, or internationally protected person pursuant to § 112. Accordingly, the Court lacks subject-matter jurisdiction over all claims made. When a

Court finds that it lacks subject-matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

**IT IS, THEREFORE, ORDERED THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE.**

Signed: February 5, 2015

Richard L. Voorhees
United States District Judge